Gray v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-052-CR

LAWRENCE WAYNE GRAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

A jury convicted Appellant Lawrence Wayne Gray (“Gray”) of possession of cocaine in an amount exceeding one gram but less than four grams, and the trial court assessed Gray’s punishment at 11 years’ confinement.  In a single point on appeal, Gray complains that the trial court erred by refusing to submit an article 38.23 instruction in the jury charge on guilt-innocence. 
 Tex. Code Crim. Proc. Ann.
 art. 38.23 (Vernon Supp. 2003). Because we hold that the trial court did not err by refusing to submit an article 38.23 instruction, we will affirm.

II. Background Facts

On August 10, 2000, pursuant to a warrant, members of the Fort Worth Police Department Narcotics Unit and SWAT Team executed a search of the residence located at 1205 East Humbolt Street.  The SWAT Team entered the residence by ramming open the front door, which had been barricaded with a dresser.  Inside one of the rooms, officers found Gray lying on a mattress, shirtless, shoeless, and apparently asleep.  A man’s shirt and shoes lay nearby. SWAT Officer Jimmy Ferguson handcuffed Gray and patted him down for weapons.  Police found 1.49 grams of cocaine and a small amount of cash hidden underneath the mattress.  Officers also confiscated a crack pipe with residue on it that they found in the room.

Following discovery of the cocaine, Gray was arrested for its possession.  
To expedite Gray’s administrative processing into jail, Officer McNutt of the Narcotics Unit asked Gray questions necessary for completion of a Tarrant County jail registration form. 
 Officer McNutt did not advise Gray of his rights 
before eliciting information for the registration form, and he could not say whether any other officer had already done so.  The jail registration form consists of basic biographical information, including the arrestee’s name, date and place of birth, height, weight, marital status, religious preference, tattoos, marks, amputations, current address, occupation, Social Security number, and emergency contact information.  Completion of the form is standard procedure. In response to one of Officer McNutt’s questions, Gray said that his home address was 1205 East Humbolt Street.

Gray argued that he should have been 
Mirandized
 before Officer McNutt asked him his home address.  Gray timely requested an article 38.23 instruction and objected to the charge’s failure to include such an instruction. 

III. Standard of Review

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. 
 Id.
 at 731-32.

IV. Article 38.23 Instruction

Gray complains the trial court erred in refusing to submit the requested article 38.23 instruction in the jury’s charge on guilt-innocence.  
Article 38.23 states:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.  

In any case 
where the legal evidence raises an issue
 hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann.
 art. 38.23(a) (emphasis added).  A trial court is not required to include an article 38.23 instruction in the jury charge unless the evidence raises a factual dispute about the legality of how the evidence was obtained.  
Wesbrook v. State
, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001).

Although Gray avers that conflicting evidence was offered as to whether his statement was obtained in violation of his 
Miranda 
rights, our review of the record indicates no such dispute.  Gray did not contradict the State’s proof on the manner in which his address was obtained, nor did he put on any evidence following the State’s case in chief.

Moreover, 
Miranda
 addresses statements that result from custodial interrogation.  
Miranda v. Arizona
, 384 U.S. 436, 478, 86 S. Ct. 1602, 1629 (1966) (recognizing 
Miranda
’s holding does not preclude admission of volunteered statements).  A voluntary oral statement may be admissible on the issue of guilt if it is not the "result of" or does not "stem from custodial interrogation."  
May v. State
, 618 S.W.2d 333, 348 (Tex. Crim. App.), 
vacated on other grounds
, 454 U.S. 959 (1981); 
see also Chambliss v. State
, 647 S.W.2d 257, 262 (Tex. Crim. App. 1983). "Custodial interrogation" is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.  
Miranda
, 384 U.S. at 444, 86 S. Ct. at 1612; 
Cannon v. State
, 691 S.W.2d 664, 671 (Tex. Crim. App. 1985), 
cert. denied
, 474 U.S. 1110 (1986); 
Camarillo v. State
, 82 S.W.3d 529, 535 (Tex. App.—Austin 2002, no pet.).  
Questions normally accompanying the processing of a D.W.I. arrestee do not constitute interrogation.  
Griffith v. State
, 55 S.W.3d 598, 603 (Tex. Crim. App. 2001).  Likewise, Officer McNutt’s questions to Gray regarding his 
name, date and place of birth, height, weight, marital status, religious preference, tattoos, marks, amputations, current address, occupation, Social Security number, and emergency contact information, simply facilitated the processing of Gray’s arrest and did not constitute custodial interrogation.

In summary, because no fact issue existed regarding whether Gray’s answer to Officer McNutt’s question regarding his address was obtained in 
violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, Gray was not entitled to an article 38.23 instruction.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.23(a).   We hold the trial court did not err in refusing Gray’s request for an article 38.23 jury instruction.  We overrule Gray’s point.

V. Conclusion

Having overruled Gray’s sole point, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED JANUARY 2, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.